**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROSEMARY WEST-BOWLSON,**

       **Plaintiff,**                     **CIVIL ACTION NO. 13-cv-13584**

       v.                             **DISTRICT JUDGE SEAN F. COX**

**U.S. BANK, NATIONAL**             **MAGISTRATE JUDGE MONA K. MAJZOUB**
**ASSOCIATION and OCWEN**
**LOAN SERVICING, LLC,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Rosemary West-Bowlson commenced this action in the Oakland County Circuit Court against Defendants U.S. Bank, National Association and Ocwen Loan Servicing, LLC on or about August 5, 2013. (Docket no. 1 at ¶1.) In her amended complaint, dated August 12, 2013, Plaintiff challenges foreclosure proceedings related to real property located at 17101 Anna St. in Southfield, Michigan. (*See* docket no. 1-2.) On August 20, 2013, Defendants removed the case to this Court. (Docket no. 1.) Before the Court is Defendant's Motion to Dismiss. (Docket no. 6.) Plaintiff filed a Response to Defendants' Motion (Docket no. 16), and Defendants filed a Reply to Plaintiff's Response (Docket no. 17). Also pending before the Court are Plaintiff's Petition to Remand Case to State of Michigan (Docket no. 4) and Motion to Amend Complaint and Remand (Docket no. 15). Defendants filed Responses to both. (Docket nos. 7 and 18.) All pretrial matters have been referred to the undersigned for consideration. (Docket nos. 12 and 19.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Plaintiff's Petition to Remand Case to State of Michigan (Docket no. 4) be **DENIED** as moot; Defendant's Motion to Dismiss (Docket no. 6) be **GRANTED**; and Plaintiff's Motion to Amend Complaint and Remand (Docket no. 15) be **DENIED.**  Therefore, this matter should be dismissed in its entirety.

**II.    REPORT**

    **A.     Facts and Procedural History**

Plaintiff borrowed the sum of one hundred thirty-two thousand dollars ($132,000.00) from People's Choice Home Loan, Inc. on September 15, 2006, and, as security for the loan, granted Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender, a mortgage interest in real property located at 17101 Anna Street in Southfield, Michigan.  (Docket no. 1-3.) Plaintiff admits that she had defaulted on her mortgage by October of 2007.  (Docket no. 1-2 at ¶ 9.)  On December 30, 2007, MERS assigned the mortgage to LaSalle Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-CB4, which was recorded on February 13, 2008.  (Docket no. 1-4 at 2.)  Plaintiff states that Litton Loan Servicing, LP initiated a non-judicial foreclosure proceeding against Plaintiff on behalf of LaSalle Bank on February 7, 2008, which resulted in a sheriff's sale on March 11, 2008.  (Docket no. 1-2 at ¶¶ 10, 14.)  Subsequently, the parties agreed to set aside the sheriff's sale and entered into a loan modification on May 21, 2008.  (*Id*. at ¶¶ 16-17.)  Plaintiff alleges that the sheriff's deed generated from the March 11, 2008 sheriff's sale continued to cloud the title to her house, even after the sheriff's sale was set aside.  (*Id*. at ¶ 18.)  On June 10, 2008, Litton Loan Servicing LP, acting on

behalf of LaSalle Bank, filed an Affidavit to Expunge Sheriff's Deed on Mortgage Sale with the Oakland County Clerk. (*Id.* at ¶ 19; Docket no. 4 at 34-35.)

At some point between June of 2008 and March of 2012, Plaintiff alleges that she stopped making mortgage payments when she was informed that she was not the record owner on the title to her property. (Docket no. 1-2 at ¶ 20.) She further alleges that Defendant U.S. Bank initiated foreclosure proceedings on March 13, 2012, and a sheriff's sale occurred on April 10, 2012. (*Id.* at ¶ 22.) She then filed a Quiet Title Action against LaSalle Bank, N.A., Defendant U.S. Bank, N.A., and Defendant Ocwen on the grounds that they lacked standing to proceed. (*Id.* at ¶ 23.) The action was dismissed without prejudice via stipulation and court order on October 3, 2012. (*Id.* at ¶ 25; Docket no. 4 at 10.) One day prior to dismissal, Ronald Glaser, an attorney at Randall S. Miller & Associates, acting on behalf of Defendant Ocwen and LaSalle Bank, sent a letter and the June 10, 2008 Affidavit to Expunge the Sheriff's Deed on Mortgage Sale to the City of Southfield. (Docket no. 4 at 49.) The letter asked the City of Southfield to correct its records to reflect that Plaintiff is the owner of the subject property. (*Id.*) On November 12, 2012, an assignment of Plaintiff's mortgage was executed and then recorded with the Oakland County Clerk on November 20, 2012. (Docket no. 1-4 at 3-4.) The assignment was:

> from US BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB4, whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignor") to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-CB4 whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite100, West Palm Beach, FL 33409 ("Assignee").

(*Id*. at 3.)  Plaintiff alleges that Defendants required that she pay all arrearages, interest, and attorneys fees, which she refused to do.  (Docket no. 1-2 at ¶ 27.)  Then, on January 11, 2013, Defendants initiated foreclosure proceedings by publishing a Notice of Foreclosure in accordance with MCL 600.3208, which ultimately resulted in a sheriff's sale on February 12, 2013.  (Docket no. 1-5 at 2, 9.)  In the Affidavit of Compliance Pursuant to MCL 600.3205a and MCL 600.3205c attached to the sheriff's deed, Defendant U.S. Bank stated that notice under MCL 600.3205 was not required because the property was not claimed as a principal residence.  (*Id*. at 9.)

The last day for Plaintiff to redeem the property was August 12, 2013.  (Docket no. 1-5 at 8.)  Plaintiff filed her complaint in the Oakland County Circuit Court on or about August 5, 2013.  (Docket no. 1 at ¶1.)  Plaintiff filed an amended complaint on August 8, 2013.  (*Id*.)  Defendants removed the case to this Court on August 20, 2013.  (Docket no. 1.)  Since removal, Plaintiff has filed a *pro se* Petition to Remand Case to State of Michigan on October 22, 2013 (Docket no. 4) and a Motion to Amend Complaint and Remand with the assistance of counsel on February 3, 2014 (Docket no. 15.)  Defendants filed a Motion to Dismiss Plaintiff's first amended complaint on October 28, 2013.  (Docket no. 6.)  All three matters are currently pending before the Court.

**B.     Governing Law**

*1.     Motion to Amend Standard*

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2).  "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Mich. v. Granholm*, 05-10296-BC, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted).  "A court may deny leave to amend when a party unnecessarily delayed

in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id*. (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: [(1)] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction." *Id*. (citation omitted). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Dep't of Veterans Affairs*, No. 10-CV-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

    *2.  Motion to Dismiss Standard*

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial

plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

### C.     Analysis

#### 1.     Plaintiff's Petition to Remand Case to State of Michigan [4]

Plaintiff filed a *pro se* Petition to Remand Case to State of Michigan on October 22, 2013, the same day on which her counsel filed a Motion for Withdrawal. (Docket nos. 4 and 5.) The Court granted Plaintiff's counsel's Motion for Withdrawal on December 9, 2013. (Docket no. 10.) After securing new counsel, on February 3, 2014, Plaintiff filed a Motion to Amend Complaint and Remand. (Docket no. 15.) Both Plaintiff's Petition and Plaintiff's Motion are currently pending before the Court. The undersigned finds that Plaintiff's Motion to Amend, filed with representation of counsel, supersedes and replaces Plaintiff's *pro se* Petition to Remand, and recommends that said Petition (Docket no. 4) be DENIED as moot.

#### 2.     Plaintiff's Motion to Amend Complaint and Remand [15]

On February 3, 2014, Plaintiff filed a Motion to Amend Complaint and Remand with a proposed second amended complaint. (Docket nos. 15 and 15-2.) In support of her motion, Plaintiff relies solely on Federal Rules of Civil Procedure 15(a)(2) and 19(a) and the arguments set forth in her brief in Response to Defendant's Motion to Dismiss. (Docket no. 15-1; Docket no. 16) Thus, while this motion has been referred to the undersigned for ruling in a separate opinion and order,

Plaintiff's Motion to Amend is inextricably intertwined with Defendant's Motion to Dismiss and will be addressed in this Report and Recommendation.

###    a.    Wrongful Foreclosure (Count I)

Plaintiff alleges in her proposed second amended complaint that Defendants wrongfully foreclosed on her property in violation of Mich. Comp. Laws § 600.3204(3). (Docket no. 15-2 at ¶¶ 45-67.) MCL 600.3204(3) states that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage." MCL § 600.3204(3). Plaintiff alleges that the "mortgage assignment from MERS to C-Bass 2007-CB4 ('the Trust')" and "the assignment from 2012 from MERS to U.S. Bank, NA" are invalid under the Pooling and Servicing Agreement (PSA) which created "the Trust." (Docket no. 15-2 at ¶¶ 54-66.)

Plaintiff's claim fails for two reasons. First, Plaintiff lacks standing to challenge the validity of the assignments in question. *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp.2d 724, 735 (E.D. Mich. 2010) (Feikens, J.), aff'd, 399 Fed. Appx. 97 (6th Cir. 2010), cert. denied, 131 S.Ct. 1696 (2011) ("Borrower disputes the validity of the assignment . . . on several grounds. . . . But, as a non-party to those documents, it lacks standing to attack them."). Second, Plaintiff's allegations regarding the "invalid" assignments are mere legal conclusions and are not sufficiently supported by factual allegations. Furthermore, the assignments that Plaintiff refers to in her complaint as invalid, "MERS to C-Bass 2007-CB4" or "MERS to U.S. Bank, NA," are not the same as the assignments at issue in this case. Even if the Court reasonably infers that Plaintiff is referring to the assignments attached to the pleadings, she has not filed with the Court the PSA or the other trust documents upon which she relies to support her invalidity

arguments in her proposed second amended complaint. Essentially, Plaintiff has not stated her claim in a such manner as to give Defendants fair notice of what her claim is, and the grounds upon which it rests.

To the extent that Plaintiff claims that she is entitled to relief because Defendants moved her loan into foreclosure and sheriff's sale in violation of Mich. Comp. Laws § 600.3205, the statute provides that in the event the mortgage holder or mortgage servicer begins foreclosure proceedings in violation of section 3205c, the borrower may file an action in circuit court to convert the foreclosure proceeding into a judicial foreclosure. Mich. Comp. Laws § 600.3205c(8), *repealed by* P.A.2012, No. 521, Eff. June 30, 2013. Plaintiff has not alleged that she filed such an action and there is no provision in the statute that would permit the Court to grant Plaintiff the relief she requests, which includes an order to set aside the sheriff's sale, enjoin Defendants from any further foreclosure proceedings, and award Plaintiff damages.

### b.     Negligence (Count II)

In Count II of her proposed second amended complaint, Plaintiff alleges that Defendants U.S. Bank and Ocwen, their predecessors in interest, and their attorneys breached the duty of care owed to Plaintiff when they negligently failed to clear the title on Plaintiff's property or notify Plaintiff of the flaws on her title, thereby preventing Plaintiff from claiming the property as her principal residence. (*See* docket no. 15-2 at ¶¶ 68-84.) Plaintiff further alleges that Defendants' negligence resulted in Defendants' alleged violation of Michigan's foreclosure statutes, MCL 600.3204 and MCL 600.3205. (*Id.*) Additionally, Plaintiff contends that Defendants' negligent acts and omissions ultimately prevented her from securing a loan modification. (*Id.*) It is a matter of record that Defendants' predecessors in interest and representatives filed an Affidavit to Expunge Sheriff's

Deed on Mortgage Sale with the Oakland County Clerk and the City of Southfield. Plaintiff purportedly alleges that these actions were not sufficient because Defendants had a duty to take whatever steps necessary to cure the title defect and failed to do so. (*Id.*)

Plaintiff's negligence claim is not one for which relief can be granted. To establish negligence, a plaintiff must show that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the breach caused the plaintiff's injuries, and that the plaintiff suffered damages. *Lelito v. Monroe*, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006). It is well established that banks do not owe a duty of care to borrowers, even if those borrowers are consumers. *Ahmad v. Wells Fargo Bank, NA*, 861 F.Supp.2d 818, 827 (E.D. Mich 2012) (citing *Costigan v. CitiMortgage, Inc.*, No. 10-8776, 2011 WL 3370397 at *9 (S.D.N.Y. Aug 1, 2011) (internal quotation omitted). Also, Defendants' attorneys owed no duty to Plaintiff. Plaintiff has not pled and cannot establish any of the elements necessary to make out a negligence claim. Therefore, Plaintiff's negligence claim fails.

### c. Remand

While Plaintiff's instant motion is titled "Motion to Amend Complaint and Remand," Plaintiff fails to make any concrete argument for remand in her motion or in her Response to Defendants' Motion to Dismiss which she incorporates in support of her motion. Seemingly as an afterthought, however, in the conclusion section of Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff states that "Randall S. Miller & Associates, P.C., et al are necessary parties and should be joined as they would not defeat subject matter jurisdiction although it would defeat diversity and the case should be remanded." This is a misstatement of the law as diversity jurisdiction is a form of subject-matter jurisdiction. Regardless, because Plaintiff has failed to state

a claim for which relief can be granted in her proposed second amended complaint, Plaintiff's motion to remand is moot.

For the reasons stated above, the undersigned finds that Plaintiff's proposed second amended complaint would be futile and recommends that Plaintiff's Motion to Amend Complaint and Remand be DENIED.

### 3. *Defendant's Motion to Dismiss [6]*

Plaintiff filed her first amended complaint in the Oakland County Circuit Court on August 8, 2013. (Docket no. 1 at ¶ 1; Docket no. 1-2.) Subsequent to removal, Defendants filed the instant Motion to Dismiss Plaintiff's first amended complaint on the basis that Plaintiff lacks standing, has not made a clear showing of fraud or irregularity, and has otherwise failed to state a claim upon which relief may be granted pursuant to Federal Rule of Procedure 12(b)(6). (Docket no. 6.)

Defendants contend that Plaintiff lacks standing to challenge the sheriff's sale or to raise any claims related to the property because the statutory period of redemption has expired. (Docket no. 6 at 17-18.) Mich. Comp. Laws § 600.3236 provides that upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" of the mortgagor in the property. This rule extends to cases where, as here, the plaintiff files suit before the expiration of the redemption period. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009). Thus, Plaintiff lost all legal title and interest to the property when the redemption period expired. However, equitable relief from the strict provisions of the redemption statute may be available in cases where the mortgagor has made "a clear showing of fraud, or irregularity." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013.) (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App.

1969). *See also Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 643 (Mich. 1993). "[T]he type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself." *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001). *See also Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010).

In Count II of her first amended complaint, Plaintiff claims that Defendants committed fraud in foreclosing upon Plaintiff's property. (Docket no. 1-2 at ¶¶ 38-47.) To support this claim, Plaintiff alleges that Defendants commenced foreclosure proceedings without giving her an opportunity to negotiate a loan modification. (*Id.* at ¶ 40.) Plaintiff also alleges that the 2008 foreclosure and sheriff's sale of her house (which was later expunged) clouded the title and prevented her from selling her house or claiming it as her principal residence. (*Id.* at ¶ 45.) Plaintiff further alleges that Defendant knew that Plaintiff was having trouble claiming the property as her primary residence and, therefore, violated the federal government's Home Affordable Modification Program (HAMP) by refusing to negotiate a loan modification with Plaintiff. (*Id.* at ¶ 46.) Ultimately, Plaintiff alleges that Defendants' action of denying Plaintiff "the right to modify the loan evinces a fraudulent attempt to take [Plaintiff's] property." (*Id.* at ¶ 47.)

Under Michigan law, the elements of a claim for fraudulent misrepresentation are: (1) that the defendant made a material misrepresentation; (2) that was false; (3) that when he made it he knew that it was false, or he made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff was injured as a result. *Hi-Way Motor*

*Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (citation omitted). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Federal Rule of Civil Procedure 9(b) imposes an obligation on any plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." To meet the particularity requirement of Rule 9(b), the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation and internal quotation marks omitted). At a minimum, the plaintiff "must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.* The plaintiff "also must allege facts from which it could be concluded that [her] reliance was reasonable." *Issa v. Provident Funding Grp., Inc.*, No. 09-12595, 2010 WL 538298, *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations.").

Plaintiff's allegations fail to state a claim for fraud under Michigan law and fail to meet the particularity requirements of Rule 9(b). Notably, Plaintiff's complaint fails to identify any fraudulent statements made by Defendants. Thus, Plaintiff lacks standing to challenge the sheriff's

sale or to raise any claims related to the property, and the undersigned recommends that Defendants' Motion to Dismiss Plaintiff's first amended complaint be GRANTED.

### D. Conclusion

For the above-stated reasons, the undersigned recommends that the Court **DENY** Plaintiff's Petition to Remand Case to State of Michigan (Docket no. 4) as moot; **GRANT** Defendant's Motion to Dismiss (Docket no. 6); **DENY** Plaintiff's Motion to Amend Complaint and Remand (Docket no. 15); and dismiss this matter in its entirety.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 11, 2014         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 11, 2014          s/ Lisa C. Bartlett
                              Case Manager