UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rosemary West-Bowlson,

    Plaintiff,

v.                                                                  Case No. 13-13584

U.S. Bank, National                                Honorable Sean F. Cox
Association and Ocwen                           Magistrate Judge Mona K. Majzoub
Loan Servicing, LLC,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING AND RELIEF FROM JUDGMENT PURSUANT TO RULE 59 AND RULE 60 (Doc. #24)**

This is a case regarding a mortgage foreclosure of real property. On or about August 5, 2013, Plaintiff Rosemary West-Bowlson filed a complaint in the Oakland County Circuit Court commencing action against Defendants U.S. Bank, National Association and Ocwen Loan Servicing, LLC.

On August 20, 2013, Defendants removed the case to this Court. (Doc. # 1). On October 22, 2013, Plaintiff filed a Petition to Remand the Case to the State of Michigan (Doc. #4). On October 28, 2013, Defendants filed a Motion to Dismiss the Complaint. (Doc. #6). On February 3, 2014, Plaintiff, represented by new counsel, filed a formal Motion to Remand. (Doc. #15).

All three of these motions were referred to Magistrate Judge Mona K. Majzoub for issuance of a Report and Recommendation pursuant to E.D. Mich. L.R. 7.1(f)(2). (Doc. #19).

On June 11, 2014, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") wherein she recommended that this Court DENY AS MOOT Plaintiff's Petition to

Remand Case to State of Michigan, DENY Plaintiff's Motion to Amend Complaint and Remand, GRANT Defendant's Motion to Dismiss, and DISMISS this matter in its entirety. (Doc. #21). Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. FED. R. CIV. P. 72(b)(2).

No party filed timely objections to the June 11, 2014 R&R. On July 8, 2014, this Court issued an Order Adopting Magistrate Judge Majzoub's June 11, 2014 R&R and a Judgment in favor of Defendants. (Doc. #22 and Doc. #23).

On August 18, 2014, Plaintiff filed a *pro se* Motion for Rehearing and Relief from Judgment and Remand (Doc. #24). Plaintiff makes a panoply of arguments in her motion, including: 1) Plaintiff's attorney of record, K. Alexander, negligently failed to "file any responsive pleadings" to the June 11, 2014 R&R and "told Plaintiff she had 28 days to file a timely objection;" 2) the Court lacks subject matter jurisdiction because the parties are not completely diverse; 3) "Judge Majzoub's Report and Recommendation and the order of This Honorable Court was rendered in error;" 4) Defendant's removal of the case was improper.

To the extent that Plaintiff's arguments may be construed as objections to the June 11, 2014 R&R, her objections are untimely. Plaintiff's counsel's alleged failure to take appropriate action on the R&R or failure to provide accurate legal advice to Plaintiff does not now entitle Plaintiff to relief from this Court.

To the extent that Plaintiff's motion can be construed as requesting relief pursuant to Federal Rule of Civil Procedure 59, her motion is untimely. Rule 59 provides that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ.

2

P. 59(e). This Court entered Judgment on July 8, 2014 (Doc. #23), but Plaintiff waited more than 28 days, or until August 18, 2014, to file her motion. (Doc. #24).

To the extent that Plaintiff's motion may be construed as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60, the Court finds that Plaintiff has not shown that she is entitled to relief for one of the reasons set forth in Federal Rule of Civil Procedure 60(b).[1]

To the extent that Plaintiff argues that the Court lacked subject matter jurisdiction over this case, Plaintiff's argument is without merit. The Court has diversity jurisdiction over this case because Plaintiff is a citizen of Michigan, no Defendant is a citizen of Michigan, and the amount in controversy exceeds $75,000.

For the reasons set forth above, the Court shall DENY Plaintiff's Motion for Rehearing and Relief from Judgment (Doc. #24).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 29, 2014

---

[1] 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . or (6) any other reason that justifies relief."

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rosemary West-Bowlson,

    Plaintiff,

v.                                                Case No. 13-13584

U.S. Bank, National                        Honorable Sean F. Cox
Association and Ocwen                Magistrate Judge Mona K. Majzoub
Loan Servicing, LLC,

    Defendants.
_____/

PROOF OF SERVICE

    I hereby certify that on October 29, 2014, the foregoing document was served on counsel of record via electronic means and upon Rosemary West-Bowlson via First Class mail at the address below:

Rosemary West-Bowlson
7101 Anna St.
Southfield, MI 48075

                                                                s/ J. McCoy
                                                                 Case Manager